IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **OTIS GAMBLE,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )    Case No. 2:19-cv-00684-WKW-CWB |
| | ) |
| **ALLSTATE INSURANCE CO.,** | ) |
| | ) |
|     **Defendant.** | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a *pro se* amended complaint (Doc. 10) filed by Plaintiff Otis Gamble. Pursuant to 28 U.S.C. § 636, United States District Judge W. Keith Watkins previously referred this case to the undersigned Magistrate Judge "for consideration and disposition or recommendation on all pretrial matters as may be appropriate." (Doc. 6). For the reasons set forth below, the undersigned recommends that the amended complaint (Doc. 10) be dismissed without prejudice.

**I.    Introduction**

Plaintiff, who is proceeding *pro se*, originally filed this case on September 18, 2019 against Defendant Allstate Insurance Company. (Doc. 1). Along with the complaint, Plaintiff also filed a motion to proceed *in forma pauperis*. (Doc. 2). On February 19, 2020, the court granted *in forma pauperis* status and ordered the Clerk of Court to defer service of process pending a preliminary review of the complaint pursuant to 28 U.S.C. § 1915(e)(2). (Doc. 8).

On July 8, 2020, the court concluded that the original complaint failed to state a claim upon which relief could be granted, as Plaintiff had not identified any particular legal theory and the complaint was replete with "'conclusory, vague, and immaterial facts not obviously connected to any particular cause of action.'" (Doc. 9, at 7) (citation omitted). The court further noted that the original complaint neither asserted that it was bringing a claim under the Constitution, treaty, or law of the United States nor alleged facts that would support diversity jurisdiction. (*Id*.). The court thus ordered Plaintiff to file an amended complaint meeting the following requirements:

    a.    The amended complaint must include a short and plain statement of plaintiff's claim, and identify the federal cause(s) of action under which plaintiff bring his claim(s), or allege sufficient facts to support diversity jurisdiction.

    b.    The amended complaint must contain factual allegations about defendant's conduct (i.e. what actions did defendant take that constitute the violation being alleged in plaintiff's claim?), clearly indicating which specific factual allegations provide support for plaintiff's claim(s) and noting the relevant date of all such actions.

    c.    The amended complaint must contain a demand for relief.

(*Id*. at 7-8).

Plaintiff subsequently filed an amended complaint (Doc. 10) on July 14, 2020. Upon review thereof, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).

## II.     Legal Standard

Because Plaintiff's motion to proceed *in forma pauperis* was granted, the court may engage in a preliminary review of the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B), the court must dismiss the complaint if determining that it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

A complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To state a claim for relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The allegations should present a "'plain statement' possess[ing] enough heft to 'show that the pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

Moreover, federal courts are courts of limited jurisdiction. *See, e.g., Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). Courts are to presume that claims "lie[] outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377; *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Rule 12(h)(3) of the Federal Rules of Civil Procedure thus provides that "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *Nat'l Parks Conservation Ass'n v. Norton*, 324 F.3d 1229, 1240 (11th Cir. 2003).

*Pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are to be liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). Nonetheless, they still "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. And a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Investments v. County of*

3

*Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662 (2009).  Likewise, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure."  *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

### III. Discussion

Despite the court's previous instructions, Plaintiff's amended complaint fails to cure any of the deficiencies of the original complaint, and the amended complaint suffers from many—if not all—of the same fatal flaws.  The amended complaint is rambling and mostly incoherent.  *See Twombly*, 550 U.S. at 555 (stating that the purpose of the federal pleading requirement is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" (citation omitted).  Nowhere does the amended complaint segregate an individual count or identify a particular legal theory, and it is simply comprised of "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action."  *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.2d 1313, 1322 (11th Cir. 2015) (describing the four types of "shotgun pleadings" that fail to meet the requirements of Rule 8 and Rule 10 of the Federal Rules of Civil Procedure).  It is not even clear from the amended complaint what type of relief Plaintiff is seeking.  Perhaps most problematic, however, is that the amended complaint fails to allege sufficient facts to invoke either federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332(a).

### IV. Conclusion

For the reasons stated above, the Magistrate Judge RECOMMENDS that Plaintiff's amended complaint (Doc. 10) be DISMISSED WITHOUT PREJUDICE.

It is further ORDERED that, by August 18, 2022, the parties may file written objections to this Recommendation. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 4th day of August 2022.

/s/
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**